CSD 1160 [05/15/03]

| Name, Address, Telephone No. & I.D. No.<br>Christina J. O, #266845<br>Dane W. Exnowski, #281996<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive<br>Second Floor<br>Irvine, California 92612<br>(949) 252-9400 (TELEPHONE)  (949) 252-1032 (FACSIMILE) | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>SOUTHERN DISTRICT OF CALIFORNIA<br>325 West F Street, San Diego, California 92101 | |
| In Re<br>Christine Foucher,<br><div align="right">Debtor.</div> | BANKRUPTCY NO. 14-07107-LT7 |
| OneWest Bank N.A. , and its successors and/or assignees,<br><div align="right">Moving Party</div> | RS NO. CJO-1 |
| Christine Foucher, Debtor(s),<br>and Gerald H. Davis, Trustee,<br><div align="right">Respondent(s)</div> | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☒ REAL PROPERTY  ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below:

1. A Petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on <u>September 2, 2014</u>.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed (if any): **Gerald H. Davis**

   b. ☐ Name of Attorney of Record for Trustee (if any):

   c. ☐ (Optional) Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:
      If applicable, the prior case was dismissed on:

   d. ☐ (If Chapter 13 case):  Chapter 13 plan was confirmed on _____ or a confirmation hearing is set for _____.

   Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      **1402 Ebbs St, San Diego, San Diego County, CA 92114**
   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
      **Single family residence**

   c. Legal description of property is attached as Exhibit A.

   d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit___.

**CSD 1160 (Page 2) [05/15/03]**

  e. *Fair market value of property as set forth in the Debtors' Schedules : $_____.

  f. *Nature of Debtors' interest in the property: **A Grant Deed with an execution date of April 16, 2012, purportedly transferred interest in the Property to Christine Foucher. See Exhibit "D."**

2. ☐ The following personal property is the subject of this Motion (*describe property*):

  a. Fair market value of property as set forth in the Debtors' Schedules:  $_____.

  b. Nature of Debtors' interest in the property:

3. *Fair market value of property according to Movant:**$250,000.00***.
  ***Established by an Exterior-Only Inspection Residential Appraisal Report and Declaration in support of the Appraisal Report. See Exhibit "H."**

4. *Nature of Movant`s interest in the property: **Secured Creditor holding a Home Equity Conversion Note and Home Equity Conversion Deed of Trust, commonly known as a reverse mortgage, on the subject property.**

5. *Status of Movant`s loan:

  a. Balance owing on the date of Order for Relief:  $**364,670.06****
  b. Amount of monthly payment:  $**Not Applicable**
  c. Date of last payment:  $**Not Applicable**
  d. If real property,
    i. Date of default:  **05/11/2012* (*Loan acceleration date)**
    ii. Notice of Default recorded on:  **09/17/2013**
    iii. Notice of Sale published on:  **01/09/2014**
    iv. Foreclosure sale currently scheduled for:  **11/20/2014* (*subject to postponement)**
  e. If personal property,
    i. Pre-petition default: $_____  No. of months:_____
    ii. Post-petition default: $_____  No. of months:_____

6. (*If Chapter 13 Case, state the following:*)
  a. Date of post-petition default:  _____
    Amount of post-petition default:  $_____

7. Encumbrances:
  a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months: | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: OneWest | $367,670.06 | $N/A | | $N/A | |
| 2nd: _ | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $364,670.06** | $ | 0 | $ | 0 |

**CSD 1160 (Page 3) [05/15/03]**

****The obligation under the Note and Deed of Trust came all due and payable on or about 05/11/2012.**

  b. Involuntary encumbrances of record (e.g., tax, mechanic`s, judgment and other liens, lis pendens) as listed in the schedules or otherwise known to Movant:
    ☐ **See attached page, if necessary.**

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5.)

**CSD 1160**

8.    Relief from the automatic stay should be granted because:

    a. ☒ Movant's interest in the property described above is not adequately protected.

    b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is a "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or ____ days as ordered by this court) have passed since the entry of the order for relief in this case, and

        i. The Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. The Debtor/Trustee has

          (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

          (2) ☐ commenced payments, but such payments are less than the amount equal to interest at a current fair market reate on the value of each creditors' interest in the property.

    d. ☒ *Other cause exists as follows (specify): ☒ See attached page.
**Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Movant and multiple bankruptcy cases affecting the Property. See Exhibits "D" through "F." See attached continuation page for facts establishing the scheme.**

Movant attaches the following:

1. ☒ Other relevant evidence:

   **Debtor's Schedules as Exhibit "G"**
   **Corporate Assignment of Deed of Trust as Exhibit "I"**
   **Assignment of Deed of Trust as Exhibit "J"**

2. ☐ (*Optional*) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒ Relief from the automatic stay to allow OneWest to enforce its rights and remedies under its Note and Deed of Trust.

☒ Other: **OneWest requests a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.**

**OneWest requests that relief from the stay is granted under 11 U.S.C. § 362(d)(4) so that if the order is recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.**

DATED: November 4, 2014                      By: */s/Christina J. O*
                                                   [Attorney for] Movant, OneWest Bank, N.A.

RV/B20085

* Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).

**CSD 1160**

**CONTINUATION PAGE ATTACHMENT**

**8 (d). The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Movant and multiple bankruptcy filings affecting the Property.**

| No. | BK Case No. | Debtor(s) | Filed Date | Dismissed Date | RJN Exhibit No. |
|---|---|---|---|---|---|
| "First Case" | 14-00927-LT | Christine Foucher | 02/07/2014 | 04/15/2014 | "3" |
| "Second Case" | 2:14-bk-18581-VZ | Mario Cortina | 05/02/2014 | 07/03/2014 | "4" |
| "Third Case" | 2:14-bk-22557-BB | Leroy Sanchez | 06/30/2014 | 09/12/2014 | "5" |

There have been four bankruptcy cases filed affecting real property located at 1402 Ebbs St. San Diego, CA 92114 ("Property") and three purported transfers of interest of the Property. The instant bankruptcy case is the fourth case affecting the Property after foreclosure proceedings commenced with respect to the Property pursuant to a Notice of Default and Election to Sell under Deed of Trust ("NOD"), which was recorded on 09/17/2013. *See* Request for Judicial Notice ("RJN"), Exhibit "1."

The first transfer was via a Grant Deed with an execution date of April 16, 2012, which transferred interest in the Property to Christine Foucher. See Exhibit "D." On 01/09/2014, a Notice of Sale was recorded, with a scheduled foreclosure date of 02/10/2014. See RJN, Exhibit "2." On 02/07/2014, three days prior to the scheduled foreclosure sale, Christine Foucher filed the First Case, preventing the foreclosure sale from going forward. The First Case was dismissed on 6/4/2014 for failure to appear at the 341(a) meeting.

Thereafter, there were two additional purported transfers of interest in the Property, without the knowledge and/or consent of Movant, which correspond with the Second Case and Third Case, which purported to affect the Property.
- A California Grant Deed with an execution date of October 19, 2013, purportedly transferring 10% interest in the Property to Mario Cortina is attached as Exhibit "E."
- A Quitclaim Deed with an execution date of November 16, 2013, purportedly transferring 10% interest in the Property to Leroy Sanchez along with a notice of bankruptcy stay to stop the scheduled foreclosure sale on July 15, 2014 is attached as Exhibit "F."

Movant asserts that the instant case, along with the multiple prior bankruptcies and the multiple purported transfers and the acts of Debtor is all a part of a scheme to delay, hinder and defraud, thus Movant respectfully request relief pursuant to § 362(d)(4) so that Movant may proceed with its available state law remedies.